IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-192-1H
No. 5:12-CV-346-H

| | |
|---|---|
| DONALD BARNARD NEAL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's 28 U.S.C. § 2255 motion [DE #38]. The government has filed an answer to Petitioner's motion and seeks to have the court dismiss Petitioner's claim. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motion be denied.

**STATEMENT OF THE CASE**

On October 4, 2010, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On January 12, 2011, the court sentenced Petitioner to a 120-month term of imprisonment. Petitioner appealed his sentence. On September 27, 2011, the Fourth Circuit affirmed Petitioner's conviction and dismissed his appeal of his sentence. *United States v. Neal*, No. 11-4064 (4th Cir. Sept. 27, 2011). On June 15, 2012, Petitioner filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**DISCUSSION**

At the time Petitioner pled guilty, the law in the Fourth Circuit was well settled that an offense under North Carolina's Structured Sentencing Act was punishable by a term exceeding one year if the maximum aggravated sentence that *any* defendant could receive exceeded twelve months. *See United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), *abrogated by United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Thus, an individual could have a prior conviction "punishable by a term exceeding one year" even if he could not have received a sentence of that duration. Petitioner pled guilty to possession of a firearm by a felon and, under then-existing Fourth Circuit precedent, was assigned a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2)[1] based upon his prior North Carolina convictions for first-degree burglary and possession with intent to manufacture, sell, or deliver marijuana. Following Petitioner's conviction and sentencing in this court, the Fourth Circuit issued an *en banc* decision overruling its prior precedent and holding that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46.

Relying on *Simmons*, Petitioner now contends that he has only one predicate felony because his prior drug conviction was not punishable by a term of imprisonment exceeding one year. Thus, Petitioner argues that his base offense level should have been 20. The government does not dispute that Petitioner's prior drug offense was classified as a Class I felony or that Petitioner was not subject to punishment exceeding one year under North Carolina's Structured

---

[1] Section 2K2.1(a)(2), which applies to firearms offenses, increases a defendant's base offense level to 24 if the defendant "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2).

2

Sentencing Act. Instead, the government asserts that the relief requested is barred by Petitioner's plea waiver and that Petitioner's claims are not cognizable under § 2255.

I. Waiver

The government asserts Petitioner's claim is barred by the waiver contained in his plea agreement.[2] A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.* However, such waivers are not without limits. "For example, a defendant [can] not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Such errors could not have been reasonably contemplated at the time of plea and, therefore, fall outside the scope of a plea waiver. *United States v. Blick*, 408 F.3d 162, 171-72 (4th Cir. 2005).

Claims based on errors due to supervening changes in the law do not fall outside the scope of a plea waiver. *See United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (concluding that alleged error in enhancement for restraint of a victim is "an allegation of ordinary misapplication of guidelines that does not amount to a miscarriage of justice"). "A plea agreement, like any contract, allocates risk. 'And the possibility of a favorable change in the law occurring after a plea is one

---

[2]Petitioner agreed to waive his rights "to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the [Petitioner's] right to appeal based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] at the time of [his] guilty plea." (Mem. Plea Agt. [DE #21] ¶ 2(c).)

3

of the normal risks that accompan[ies] a guilty plea.'" *Id.* at 153 (quoting *United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir. 2005)) (citation omitted) (alteration in original). Petitioner assumed the risk of a subsequent change in the law in exchange for other benefits provided to him by the plea agreement. "Declining to enforce his [plea] waiver because of a subsequent change in the law would deprive the Government of some of the benefits of its bargain, which might ultimately work to the detriment of defendants who may find the Government less willing to offer a plea agreement." *Johnson*, 410 F.3d at 153.

In this case, Petitioner received a sentence of 120 months, the statutory maximum.[3] He does not allege that the sentence imposed was based upon an impermissible factor, such as race, nor does his sentence exceed the maximum penalty provided by law. Accordingly, Petitioner is bound by his plea waiver and is barred from challenging his base offense level.

## II.   Ineffective Assistance of Counsel

In the alternative, Petitioner asserts in a footnote, that should his motion be denied "because of the waiver issue alone, then [Petitioner] asserts ineffective assistance of counsel, as he received the maximum possible penalty for his guilty plea and his attorney failed to properly preserve the *Simmons* issue." (Pl.'s Mem. Supp. Mot. to Vacate at 2 n.1 [DE #38-2].) To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. There is a strong

---

[3] If not for the statutory maximum sentence of 120 months, Petitioner's guideline sentencing range would have been 140-175 months based upon a total offense level of 29 and a criminal history category of V.

4

presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Petitioner has presented no facts demonstrating that his attorney's performance was unreasonable under the circumstances. Although Simmons had not been decided at the time of Petitioner's sentencing, defense counsel objected to the application of 2K2.1(a)(2), arguing against the pre-*Simmons* precedent. Given the benefits provided to Petitioner as a result of the plea agreement in this case and in light of the state of the law as it existed at the time of Petitioner's sentencing, Petitioner has not demonstrated that his attorney acted unreasonably in allowing him to waive his right to appeal the *Simmons* issue. Thus, this claim should be denied.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that Petitioner's motion [DE #38] be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 26th day of February 2015.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge